***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYREE BLAINE, | : | |
| | : | Civil Action No. 13-3404 (ES) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BOROUGH OF CARTERET POLICE DEP'T, et al., | : | |
| | : | |
| Defendants. | : | |

**SALAS**, District Judge:

Plaintiff Tyree Blaine ("Plaintiff"), a pre-trial detainee currently confined at Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should proceed in part as it relates to the excessive force claim against Defendant Louis Reyes.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Borough of Carteret Police Department; Louis Reyes; Michael Dammaann; Marcus Rosario; and

the Middlesex County Prosecutor's Office.  The following factual allegations are taken from the amended complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on June 14, 2012, Defendant Reyes used excessive force by kicking and stomping on Plaintiff while he was handcuffed and already securely detained.  (D.E. No. 1, Compl. ¶ 6).  Plaintiff states that he was "falsely imprisoned" by Defendants Dammaann and Rosario for "allegations of loitering to distribute C.d.s. [sic]."  (*Id.*)  Plaintiff further alleges that on June 14, 2012, Defendants Dammaann and Rosario "took the money from Plaintiff without any lawful excuse or explanation for same."  (*Id.*)  Plaintiff alleges that he was "maliciously prosecuted" by the Middlesex County Prosecutor's Office from July 2012 through May 2013.  (*Id.*)  Plaintiff is seeking $1.2 million in monetary damages and unspecified injunctive relief.

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. County and City Defendants**

As an initial matter, this Court will dismiss the Borough of Carteret Police Department and the Middlesex County Prosecutor's Office as defendants. A police department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E. D. Pa. 2011); *PBA Local No, 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993). To the extent that a prosecutor's office is a governmental entity subject to suit under § 1983, these state entities are entitled to absolute immunity under the Eleventh Amendment. *See Coley v. Cnty. of Essex*, 462 F. App'x 157, 161 (3d Cir. 2011); *Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009).

This Court declines to construe these defendants as Middlesex County and the City of Carteret, entities which are subject to suit under *Monell v. Dep't, of Soc. Serv. of City of New York*, 436 U.S. 658, 688-90 (1978), because the Complaint does not sufficiently plead § 1983 claims against these entities. Specifically, neither the county nor the city can be found liable under § 1983 simply because they employ wrongdoers. *Id.* at 691-92; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. As this Complaint does not "identify a custom or policy,"

"specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against Middlesex County or the City of Carteret under the *Iqbal* standard.

**2. Excessive Force**

Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. *See Graham v. Conner*, 490 U.S. 386 (1989); *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). When construing an excessive force claim, this Court must consider whether the Defendants' use of force was objectively reasonable under the circumstances, regardless of their underlying motive or intentions. *Graham*, 490 U.S. at 397. In *Graham*, the Supreme Court expounded on the reasonableness inquiry, stating that it "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. In addition, the Third Circuit has noted other relevant factors including "the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), *abrogated on other grounds by, Curley v. Klem*, 499 F.3d 199 (3d Cir.2007); *see also Couden v. Duffy*, 446 F.3d 483, 496-97 (3d Cir. 2006); *Kopec v. Tate*, 361 F.3d 772, 776-77 (3d Cir. 2004); *Doby v. DeCrescenzo*, 171 F.3d 858, 874 (3d Cir. 1999) ("Significant factors in evaluating the force used by the police are whether the person being taken into custody is resisting or attempting to resist by flight."); *Ashton v. City of*

*Uniontown*, 459 F. App'x 185, 189 (3d Cir. 2012).

Here, Plaintiff's allegations, if true, are sufficient to allow this claim to proceed at this time. Plaintiff alleges that Defendant Reyes kicked and stomped him while he was already handcuffed and lying on the ground. (Compl. ¶ 6). Consequently, it would appear that Plaintiff has alleged facts sufficient at this time to raise a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. The excessive force claim will be allowed to proceed as against Defendant Reyes.

**3. False Arrest and Unreasonable Seizure**

Plaintiff appears to be alleging claims of false arrest/false imprisonment and unreasonable seizure against Defendants Dammaann and Rosario.

The Third Circuit has explicitly held that the existence of probable cause is an element of each of the above causes of action, as they all relate to unlawful detention or restraint. *See, e.g., James v. City of Wilkes–Barre*, 700 F.3d 675, 683 (3d Cir. 2012) ("A false imprisonment claim under § 1983 which is based on an arrest made without probable cause . . . is grounded in the Fourth Amendment's guarantee against unreasonable seizures."); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988) (false arrest). To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James*, 700 F.3d at 680 (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling*, 855 F.2d at 141). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested. *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

Here, Plaintiff has provided virtually no details about the circumstances of his arrest. Rather, he just states in a conclusory manner that he was falsely imprisoned for allegations of loitering and that his money was seized even though he was "never charged with any crimes in order for his money to be seized." (Compl. ¶ 6). He provides no further facts and as such, his allegations fall woefully short of the *Iqbal* requirements and will be dismissed.[2]

## III. CONCLUSION

For the reasons set forth above, Plaintiff's excessive force claim against Defendant Reyes shall proceed. All other claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

Dated: April 7, 2014

*s/ Esther Salas*
Esther Salas, U.S.D.J.

[2] Moreover, to the extent it may be applicable to Plaintiff's situation, the Court notes that it is reasonable for arresting officers to conduct a search of an arrestee's person, *U.S. v. Shakir*, 616 F.3d 315, 317 (3d Cir. 2010), and where a search or entry is lawful, the seizure of objects which an officer has probable cause to believe are evidence of a crime is also lawful under the Fourth Amendment. *Maryland v. Buie*, 494 U.S. 325, 330 (1990).